**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JAMES RUFF,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS;
CORRECTIONAL MEDICAL SERVICES;
PAUL PIPER, Doctor;
SEETHA VADLAMUDI, Doctor;
SCOTT NOBLES, Warden;
JOHN DOE, CMS Employees;

    Defendants.
                                          /

CASE NO. 07-CV-15443

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED IN PART** for failure to state a claim upon which relief may be granted.

### II.    REPORT

#### A.    Introduction

Plaintiff James Ruff is a state prisoner who is currently incarcerated at the Charles Egeler Reception & Guidance Center Annex in Jackson, Michigan. On December 21, 2007, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment right to not have his serious medical needs treated with deliberate indifference was violated when he was housed at the Mound Road Correctional Facility in Detroit, Michigan, in 2006.

On January 18, 2008, Plaintiff's application to proceed without prepayment of fees was granted by U.S. Magistrate Judge R. Steven Whalen pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). On February 22, 2008, U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.    Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

**C.     Discussion**

**1.     Michigan Department of Corrections**

Plaintiff has named the Michigan Department of Corrections ("MDOC") as a defendant. The MDOC, however, is a department of the State of Michigan, and the State of Michigan has not consented to civil rights suits under 42 U.S.C. § 1983. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Furthermore, Congress has not expressly abrogated the state's Eleventh Amendment immunity by statute. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). In numerous unpublished opinions, the Sixth Circuit has consistently held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000) ("the MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity"); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995

WL 150341, at *1 (6th Cir. April 5, 1995) ("[t]he MDOC is absolutely immune from suit under the Eleventh Amendment").

Accordingly, I suggest that Defendant MDOC should be *sua sponte* dismissed with prejudice because it is immune from suit.

### 2. Deputy Warden Scott Nobles

The only claims against Deputy Warden Scott Nobles are that he "had knowledge of health care lack [sic] of having a physician on duty," and that he "had actual knowledge under [his] jurisdiction that health care lacked prompt medical care and treatment . . . ." (Compl. ¶ 3.) On the basis of these allegations, I suggest that Plaintiff has failed to state a claim against Defendant Nobles. It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). Here, where Plaintiff claims that Defendant Nobles had knowledge of perceived deficiencies in the prison health care system and failed to act or intervene to make improvements, I suggest that Plaintiff has not alleged that this Defendant caused a violation of his federal rights and therefore I recommend that Defendant Nobles be *sua sponte* dismissed from the case.

### 3. Remaining Medical Defendants

Plaintiff alleges that the remaining defendants ignored the serious nature of his hypertension, letting it go untreated, which led to a stroke, blindness, blood clot, and other serious

life-threatening illnesses. (Compl., Stmt. of Facts.) I suggest that, construing the complaint liberally, Plaintiff has stated a claim which, if proven, could entitle him to relief. Accordingly, I suggest that the complaint be served on these defendants.

### 4. Conclusion

After screening the complaint, I suggest that Defendants Michigan Department of Corrections and Deputy Scott Nobles be *sua sponte* dismissed and that the complaint be served only on Defendant Correctional Medical Services, Defendant Dr. Paul Piper, and Defendant Dr. Seetha Vadlamudi.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                      s/ *Charles E Binder*
                                                     CHARLES E. BINDER
Dated: April 11, 2008                                United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served on James Ruff by First-Class Mail and served on U.S. District Judge Thomas Ludington in the traditional manner.

Dated: April 11, 2008                           By     s/Mimi D. Bartkowiak
                                                                   Law Clerk to Magistrate Judge Binder